The Honorable Bobby Glover State Senator Post Office Box 1 Carlisle, Arkansas 72024
Dear Senator Glover:
I am writing in response to your request, submitted on behalf of the Mayor of England, for an opinion on four questions regarding the operation of the England Fire Department. The questions posed are as follows:
 1. What are the legal liabilities of the Mayor and the City Council if our local fire department is called outside its jurisdiction, meaning the City limits, to fight a fire and during the meantime a fire occurs within the City limits and our fire department is shorthanded and unable to respond properly?
 2. Is the City of England properly covered under our liability insurance if a fireman is injured or causes an injury to another person while fighting fires outside its jurisdiction, meaning the City limits of England, Arkansas?
 3. Are the governing body of the City of England and the Mayor given tort immunity or covered under the Good Samaritan Laws of Arkansas if actions taken by the England Fire Department cause injury, loss of life or property outside the jurisdiction, meaning the City limits of the City of England?
 4. Please explain to the best of your ability the true functions of Act 833 pertaining to the assistance to the fire department within the five mile radius of England.
RESPONSE
In my opinion the answer to your first and third questions is provided by A.C.A. § 14-53-102(c) (Supp. 2003). That subsection immunizes the municipality, municipal officials and employees for damages or loss that occurs while the department is combating fires outside the corporate limits. The answer to your second question must be provided with reference to the City's applicable insurance policy or program. I have not been provided access to the pertinent documents and therefore suggest the city attorney be consulted about this matter. Your fourth question does not pose a legal question, but appears to inquire as to the rationale or intention behind a particular provision of Act 833. I suggest that this question be referred to legislative officials or to the officials charged with administration of Act 833, or to the England city attorney if legal advice is required.
Question 1 — What are the legal liabilities of the Mayor and the CityCouncil if our local fire department is called outside its jurisdiction,meaning the City limits, to fight a fire and during the meantime a fireoccurs within the City limits and our fire department is shorthanded andunable to respond properly?
The answer to this question is provided at A.C.A. § 14-53-102(c)(1) (Supp. 2003), which provides as follows:
 (c)(1) Neither the municipality nor any municipal official or fire department official or employee involved in combatting the fire shall be liable for any damages or loss that occurs while the department is combatting the fire outside the corporate limits of the city or town.
In my opinion the language of this provision is broad enough to cover potential liability arising from a fire occurring within the city limits while the fire department is fighting a fire outside the city limits. Seealso A.C.A. § 21-9-301 (Supp. 2003) (immunizing municipal corporations from liability and from suit for damages except to the extent that they may be covered by liability insurance).
Question 2 — Is the City of England properly covered under our liabilityinsurance if a fireman is injured or causes an injury to another personwhile fighting fires outside its jurisdiction, meaning the City limits ofEngland, Arkansas?
I cannot answer this question without reference to applicable insurance policy or program. In addition, as an executive state officer, I am not in a position to provide legal advice on such matters to municipal corporations. I suggest that the city attorney be consulted for advice on this matter. I will point out, however, another subsection of A.C.A. §14-53-102 in this regard. Subsection (c)(2) of that statute provides that: "[t]he fire fighters shall have the same coverage as they have if they are injured while outside the city limits."
Question 3 — Are the governing body of the City of England and the Mayorgiven tort immunity or covered under the Good Samaritan Laws of Arkansasif actions taken by the England Fire Department cause injury, loss oflife or property outside the jurisdiction, meaning the City limits of theCity of England?
Again, the issue is addressed at A.C.A. § 14-53-102(c)(1). See response to Question 1.
Question 4 — Please explain to the best of your ability the truefunctions of Act 833 pertaining to the assistance to the fire departmentwithin the five mile radius of England.
I assume this question has reference to Act 833 of 1991. That Act is entitled "AN ACT to Provide for Additional Funding of Arkansas Fire Departments Through Additional Insurance Premium Taxes Assessed Against Insurers Writing Fire Insurance and Similar Coverages in Order to Reduce Homeowner Insurance Rates in Arkansas; and for Other Purposes." I further assume that your question has reference to A.C.A. § 14-284-406 (b), which was adopted as a part of Act 833. That subsection provides as follows:
 (b)(1) No municipality shall receive funds under this subchapter unless it is willing to provide fire protection through mutual aid agreements in areas within five (5) miles of its corporate limits.
 (2) A municipality shall not be required to respond when, in the opinion of proper municipal authorities, its municipal property or fire classification rating would be jeopardized.
You have asked that I "explain . . . the true functions of Act 833 pertaining to the assistance to the fire department within the five mile radius of England." I am somewhat uncertain as to the focus of this inquiry. It does not appear that this question seeks a legal conclusion, but rather a practical explanation of the impact or perhaps the rationale for this subsection. As such, it is not an inquiry falling within my official opinions function. See A.C.A. § 25-16-706. You may wish to refer this question to legislative officials or the officials charged with the duty to implement this provision. In addition, the city attorney should be consulted for any needed legal advice.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh